# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATLANTIC HYDROCARBON, LLC, | No. 4:17-CV-02090 |
| Plaintiff, | (Judge Brann) |
| v. | |
| SWN PRODUCTION COMPANY, LLC, | |
| Defendant. | |

## MEMORANDUM OPINION

### JUNE 15, 2018

The SWN Production Company, LLC ("SWN"), moved to dismiss the Amended Complaint filed by Atlantic Hydrocarbon, LLC ("Atlantic"). For the reasons that follow, that motion will be granted in part and denied in part.

## I.   BACKGROUND

Atlantic and SWN are parties to several contractual agreements under which Atlantic is entitled to royalties from SWN's sale of oil and gas from certain properties. The royalties are calculated as a certain percentage of the "proceeds realized" from such sales, but SWN "is entitled to deduct" certain post-production costs from the royalties, if—and only if—those costs are "assessed by third parties." The Amended Complaint alleges that Angelina Gathering Company, LLC ("Angelina"), has been gathering and marketing oil and gas from the

properties at issue, and that SWN has been passing Angelina's post-production costs on to Atlantic through a reduction in Atlantic's royalties.

Atlantic claims that this practice breaches the contractual agreements between it and SWN, and puts forth two theories to support that claim, both of which are based on its allegation that SWN and Angelina are wholly owned subsidiaries of the same parent company. First, Atlantic argues that the phrase "third parties" in the agreements is ambiguous and was intended to mean parties "unrelated to and unaffiliated with" SWN; consequently, due to its corporate relationship with SWN, Angelina is not a "third party" whose costs may be taxed against Atlantic's royalties.[1] Alternatively, Atlantic alleges that Angelina and SWN are alter egos of one another such that any costs charged by Angelina are costs charged by SWN, not a third party.[2]

SWN has moved to dismiss Atlantic's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Atlantic has failed to state a claim upon which relief can be granted.

---

[1] *See* Atlantic Hydrocarbon's Amended Complaint (ECF No. 7) ¶¶ 13-16.

[2] *Id.* ¶ 33 ("SWN [Production] and Angelina Gathering . . . act as if they are one and the same and . . . they are not 'third parties' as to one another."); ¶ 34 ("[A]ctions undertaken by Angelina Gathering . . . should be attributed to SWN [Production;] . . . SWN [Production] and Angelina Gathering . . . are indistinct from one another.")

The Court notes that Atlantic is *not* proceeding on a theory that SWN breached an implied covenant of the contractual agreements—*e.g.*, an implied duty of good faith. *Canfield v. Statoil USA Onshore Properties, Inc.*, 2017 WL 1078184 at *20-24 (M.D. Pa. March 22, 2017) (discussing implied covenants in oil and gas leases recognized by Pennsylvania state courts).

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[3] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[4] the court does not, however, assume the truth of any of the complaint's legal conclusions.[5] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow the court to infer the defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[6]

### B. Whether the Language of the Contractual Agreements is Ambiguous

Atlantic argues that the phrase "third parties" in the contractual agreements is ambiguous, and alleges that the contracting parties intended it to mean parties "unrelated to and unaffiliated with" SWN.

When resolving contractual disputes, it is this Court's "paramount" duty to determine the contracting parties' intent.[7] Although that intent is usually "to be ascertained from the document itself," this Court may consider extrinsic evidence

---

[3] Federal Rule of Civil Procedure 12(b)(6).

[4] *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[6] *Id.*

[7] *Hutchinson v. Sunbeam Coal Corp.*, 513 Pa. 192, 200 (1986).

of the parties' intent "where an ambiguity exists."[8] Contractual ambiguity may either be apparent from the face of the document ("patent ambiguity"), or may be shown through extrinsic evidence ("latent ambiguity").[9] To show latent ambiguity, the proffered evidence "must support an alternative meaning of a specific term or terms contained in the contract, rather than simply support a general claim that the parties meant something other than what the contract says on its face."[10] Additionally, "the proffered interpretation cannot contradict the common understanding of the disputed term or phrase when there is another term that the parties could easily have used to convey this contradictory meaning."[11]

The phrase "third parties" is commonly used legal term of art which refers to "[a] person [or entity] who is not a party to a[n] . . . agreement"—*i.e.*, "someone other than the principal parties."[12] Had the parties intended to intended to convey Atlantic's proffered interpretation, they could have done so easily.[13] Therefore,

---

[8] *Id.*

[9] *Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 93 (3d Cir. 2001).

[10] *Id.* at 96.

[11] *Id.* at 94-95; *see also Mellon Bank, N.A. v. Aetna Business Credit, Inc.*, 619 F.2d 1001, 1013 (3d Cir. 1980) ("Trade terms, legal terms of art, numbers, common words of accepted usage[,] and terms of a similar nature should be interpreted in accord with their specialized or accepted usage unless such an interpretation would produce irrational results or the contract documents are internally inconsistent."

[12] Black's Law Dictionary 1617 (9th ed. 2009)

[13] For example, the contractual agreements could have explicitly stated that such "third parties" needed to be "unrelated to and unaffiliated with" SWN. Or they could have insisted that any fees charged by third parties needed to be negotiated through arm's-length transactions. *See* Black's Law Dictionary 1635 (9th ed. 2009) (defining "arm's-length transaction" as "[a] transaction between two *unrelated and unaffiliated* parties") (emphasis added).

this Court will reject Atlantic's argument that the phrase is patently ambiguous, and deny its attempt to introduce extrinsic evidence to show that it is latently ambiguous.

Consequently, Counts I and II of the Amended Complaint will be dismissed to the extent they are based on Atlantic's claim that the phrase "third parties" is ambiguous.

### C. Whether Atlantic Has Adequately Alleged Its Alter Ego Theory

Alternatively, Atlantic argues that Angelina and SWN are alter egos of one another, such that any costs assessed by Angelina are in fact assessed by SWN, and not by a third party.

Normally, "the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception."[14] Notably, Pennsylvania law allows courts to disregard the corporate entity "whenever it is necessary to avoid injustice," especially when "one in control of a corporation uses that control . . . to further his or her own personal interests."[15] The Pennsylvania Supreme Court has engaged in such "corporate veil piercing" in a variety of contexts.[16]

---

[14] *Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir. 1967).

[15] *Ragan v. Tri-County Excavating, Inc.*, 62 F.3d 501, 508 (3d Cir. 1995).

[16] *See, e.g.*, *Ashley v. Ashley*, 482 Pa. 228 (1978) (ignoring a corporate form to find that the corporation's owner made a gift, even though the owner used the corporation's funds).

Here, Atlantic has alleged that SWN and Angelina's shared corporate parent "direct[s] and control[s]" both SWN and Angelina,[17] and that "for all intents and purposes," SWN and Angelina "act as if they are one and the same" and are "indistinct from one another."[18]  Although "[c]are should be taken . . . to avoid making the entire theory of the corporate entity useless,"[19] this Court must accept all of Atlantic's allegations as true and draw all reasonable inferences from those allegations in Atlantic's favor.  Doing so, it finds that Atlantic has adequately alleged its alter ego theory.

Consequently, Counts I and II of the Amended Complaint survive to the extent they are based on Atlantic's claim that SWN and Angelina are alter egos.

## III. CONCLUSION

For the reasons discussed above, SWN's motion to dismiss Atlantic's Amended complaint will be granted in part and denied in part.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[17] Amended Complaint ¶¶ 28, 32.

[18] *Id.* ¶¶ 33-34.

[19] *Zubik*, 384 F.2d at 273.