# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATLANTIC HYDROCARBON, LLC, | No. 4:17-CV-02090 |
| Plaintiff. | (Judge Brann) |
| v. | |
| SWN PRODUCTION COMPANY, LLC, | |
| Defendant. | |

## MEMORANDUM OPINION

### FEBRUARY 26, 2019

The SWN Production Company moved for judgment on the claims remaining in Atlantic Hydrocarbon's Amended Complaint. That motion will be granted.

## I.   BACKGROUND

Atlantic and SWN are parties to several contractual agreements pursuant to which Atlantic is entitled to royalties from SWN's sale of oil and gas from certain properties. The royalties are calculated as a percentage of the "proceeds realized" from such sales, but SWN "is entitled to deduct" certain post-production costs from the royalties if those costs are "assessed by third parties."[1]

Angelina Gathering Company has been gathering and marketing oil and gas from the properties at issue, and SWN has been passing Angelina's post-production

---

[1]   Amended Complaint (ECF No. 7) ¶¶ 9, 19.

costs on to Atlantic through a reduction in Atlantic's royalties. Atlantic's Amended Complaint argues that this practice breaches the contractual agreements between Atlantic and SWN because SWN and Angelina are, allegedly, alter egos of one another (through their shared corporate parent) and Angelina is therefore not a "third part[y]."[2] On January 10, 2019, SWN moved for judgment on the pleadings, arguing that this claim fails as a matter of law.[3]

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[4] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[5] the court does not, however, assume the truth of any of the complaint's legal conclusions.[6] If a complaint's factual allegations, so treated, state a claim that is plausible—*i.e.*, if they

---

[2] *Id.* ¶¶ 42-56.

Atlantic's Amended Complaint also sought to proceed on the theory that "third parties" should be read to mean parties "unrelated to and unaffiliated with" SWN. June 15, 2018 Memorandum Opinion (ECF No. 14) at 2. The Court rejected that theory in its previous opinion and dismissed Atlantic's claims to the extent the claims were based on that theory. *Id.* at 3-5.

[3] ECF No. 25.

[4] Federal Rule of Civil Procedure 12(b)(6).

[5] *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[7]

A motion for judgment on the pleadings asserting the defense of failure to state upon which relief can be granted is reviewed the same way.[8]

### B. Whether Atlantic Has Successfully Pled Its Claims Against SWN

For Atlantic to prevail on its breach-of-contract-based claims, it must convince this Court to disregard the corporate formalities that distinguish SWN, Angelina, and those entities' parent. Although Atlantic asserts that it is relying of the "alter ego" theory of corporate veil-piercing, it is actually relying on what is known as the "enterprise entity" or "single entity" theory.[9]

Even if this theory were valid in this state,[10] it is of no use to Atlantic. To state a claim under the "enterprise entity" or "single entity" theory, a plaintiff must, *inter alia*, show that it is an "involuntary creditor[]" of the defendant.[11] The

---

[7] *Id.*

[8] *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

[9] *See Miners, Inc. v. Alpine Equip. Corp.*, 722 A.2d 691, 695 (Pa. Super. Ct. 1998) ("The alter ego theory is applicable only where the individual or corporate owner controls the corporation to be pierced and the controlling owner is to be held liable. That is quite distinct from the situation where two or more corporations share common ownership and are, in reality, operating as a corporate combine. This latter theory has been labeled the enterprise entity theory or the single entity theory.").

[10] *Id.* (noting that the theory "has yet to be adopted in Pennsylvania").

[11] *Id.* ("Under [the 'enterprise entity'] theory, two or more corporations are treated as one because of identity of ownership, unified administrative control, similar or supplementary business functions, *involuntary creditors*, and insolvency of the corporation against which the claim lies.") (emphasis added).

contractual agreements between Atlantic and SWN, however, were by their very nature all voluntarily entered into.[12]  Atlantic's attempt at veil piercing, therefore, must fail, and its claims against SWN will be dismissed.  And because Atlantic's alleged entitlement to relief is based entirely upon this theory of recovery, this Court finds that amendment would be futile and will dismiss the claims with prejudice.[13]

## III. CONCLUSION

For the reasons discussed above, Atlantic's Amended Complaint will be dismissed with prejudice.  An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[12] *Cf. Canfield v. Statoil USA Onshore Properties Inc.*, No. CV 3:16-0085, 2017 WL 2535941, at *7-9 (M.D. Pa. June 12, 2017) (dismissing claims brought under the "enterprise entity" theory where the relationship between plaintiff and defendant was a contractual one); *Macready v. TCI Trans Commodities, A.G.*, No. CIV.A. 00-4434, 2011 WL 4835829, at *7-8 (E.D. Pa. 2011) (same).

[13] Atlantic argues that this Court's previous ruling on Atlantic's veil-piercing-based claims constitutes the law of the case, and that this Court should therefore not consider SWN's motion. While the law of the case doctrine "directs courts to refrain from re-deciding issues that were resolved earlier in the litigation," the doctrine "does not limit a federal court's power" but instead "directs its exercise of discretion." *Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997).  In any event, the issue of whether Atlantic could succeed on an "enterprise entity" or "single entity" theory was never addressed by this Court.